UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. PELLOWE, by his next
friend Jon Pellowe,

        Plaintiff,

v.

CONSECO SENIOR HEALTH
INSURANCE CO.,

        Defendant.
        /

Case No. 5:06-CV-27

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff James L. Pellowe's Motion to Remand this case to Michigan state court. Plaintiff's Motion has been fully briefed and the Court discerns no reason to hear oral argument. W.D. MICH. LCIVR 7.2(d).[1] For the reasons that follow, the Court will grant Plaintiff's Motion to Remand.

**I.    BACKGROUND**

This lawsuit involves an insurance policy Plaintiff purchased from Defendant in 1989. The policy provided that in the event Plaintiff was confined to a nursing or assisted living facility and required long-term care, Defendant would pay Plaintiff a daily benefit for each day such care was required. Plaintiff's daily benefit for long-term care was outlined in a benefit schedule attached to the policy as $120 per day.[2]

---

[1] *See Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (a motion to remand is a dispositive motion since the relief sought is the functional equivalent to dismissal).

[2] The daily benefit allowed under the benefit schedule was originally listed as $80 per day. That amount, however, was subject to an inflation protection rider to the policy which provided that the daily benefit of $80 would be increased five percent each year for the first ten years the policy

On August 25, 2003, Plaintiff—apparently in need of nursing home care—made a claim for long-term care benefits under the policy. After reviewing Plaintiff's benefit claim, Defendant denied Plaintiff long-term care benefits. Plaintiff then filed this lawsuit in Kalamazoo County Circuit Court. State court filings indicate that the Kalamazoo County Circuit Court clerk issued Defendant a summons on February 2, 2005; however, Defendant was not served with Plaintiff's First Amended Complaint until April 12, 2005.

Plaintiff's First Amended Complaint alleged three counts of liability.[3] In Count I, Plaintiff alleged that Defendant breached the insurance policy when it denied him benefits and requested damages in excess of $25,000. In Count II, Plaintiff alleged that the policy was ambiguous and had to be construed against Defendant.[4] In Count III, Plaintiff alleged that Defendant violated the Uniform Trade Practices Act, MICH. COMP. LAWS §§ 500.2001 - 500.2093. As for damages under Counts II and III, Plaintiff sought a judgment in his favor in an amount to be determined at trial. Plaintiff also attached to his First Amended Complaint copies of the policy, his benefit schedule, the

---

was in effect, up to a maximum of 150% of the original daily benefit. Thus, Plaintiff's daily benefit after 1999 (ten years after purchase) equaled $120 (or 150% of $80).

[3] Although Plaintiff filed a Second Amended Complaint on April 27, 2006, in which he adds claims for negligence and fraudulent and innocent misrepresentation, the Court considers this subsequent pleading irrelevant to today's discussion. As will become clear from the Court's analysis below, the critical period for purposes of Plaintiff's Motion to Remand began when Plaintiff's claim for long-term care benefits arose (August 25, 2003) and ended when Plaintiff commenced this law suit (April 12, 2005).

[4] The Court doubts that Count II affords Plaintiff an independent basis of recovery on the policy. Rather, the allegation in Count II is simply an argument that Defendant breached the policy and would work to support Plaintiff's claim under Count I, but is not really a stand-alone cause of action.

inflation protection rider, his application for benefits (*i.e.*, his claim form), and a December 20, 2004 letter from Defendant denying his claim.

The matter proceeded in state court until Defendant deposed one of its claims adjusters, Christina Bate Janovicz, on January 25, 2006. Janovicz's testimony indicated that if liable to Plaintiff on his claim for long-term care benefits, Defendant would owe Plaintiff $120 per day, $3,600 per month, and $43,200 per year.[5] As noted above, Plaintiff enrolled in an assisted living facility on August 25, 2003, and continues to reside there. Defendant continues to deny Plaintiff's claim for long-term care benefits. Thus, shortly after Janovicz's deposition, Defendant realized that it was potentially liable to Plaintiff for over two years of daily benefit payments, or over $86,400. Defendant removed this action to this Court on January 31, 2006.

## II.  CONTROLLING STANDARDS

The right to remove an action from state to federal court is a right governed purely by the statutory framework envisioned by Congress, 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3721 (3rd ed. 1998), and those statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Under the removal statute, a civil action filed in state court may be removed to this Court if the action could have originally been filed here. 28 U.S.C. § 1441(a). In addition to questions of federal law, this Court has original jurisdiction over suits between citizens of different states when the

---

[5] Janovicz, in response to Plaintiff's counsel, calculated Plaintiff's potential yearly benefit amount of $43,200 by multiplying the $120 daily benefit by a 30-day month, yielding $3,600. Janovicz then multiplied $3,600 by the 12 months of the year, yielding $43,200. The Court believes a correct calculation of Plaintiff's yearly benefit is found by multiplying $120 by the 365 days of the year, yielding $43,800. Janovicz's calculus omitted five days from the calendar year.

amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Defendant removed this action pursuant to section 1332(a).

"The party seeking removal bears the burden of establishing its right thereto . . . [and t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Since Defendant desires to remove this case on the basis of diversity jurisdiction, it also has the burden of proving the requirements of 28 U.S.C. § 1332(a) have been satisfied. *Gafford v. Gen. Elec.*, 997 F.2d 150, 155 (6th Cir. 1993).

### III. DISCUSSION

Plaintiff's Motion to Remand focuses exclusively on removal procedure, arguing specifically that Defendant's removal was untimely under 28 U.S.C. § 1446(b). While this may be so, the Court perceives another ready defect in Defendant's Notice of Removal: the amount in controversy in this action does not exceed $75,000.

For purposes of the amount in controversy under section 1332(a), Plaintiff's claim for long-term care benefits is considered an accruing liability of $120 per day that began to accumulate on August 25, 2003 (when benefits were first withheld), and continued until he served Defendant with his First Amended Complaint on April 12, 2005. *See Keck v. Fid. & Cas. Co. of New York*, 359 F.2d 840, 842 (7th Cir. 1966); *White v. N. Am. Accident Ins. Co.*, 316 F.2d 5, 7 (10th Cir. 1963); *Mut. Life Ins. Co. of New York v. Moyle*, 116 F.2d 434, 435 (4th Cir. 1940); *Wright v. Mut. Life Ins. Co. of New York*, 19 F.2d 117 (5th Cir. 1927). This principle has best been articulated in this circuit as follows:

> The matter in controversy involves only the liability of the insurance company to make the payments already accrued. No controversy exists in this action as to any disability payments under the contract in the future. The insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued; such subsequently occurring facts might lead the insurance company to make such payments in the future irrespective of the result this action. This action is in no way res judicata as to its liability under the policy in the future. Although the effect of the judgment in this case may result in the insured collecting from the insurance company a total sum far in excess of the jurisdictional amount, yet it is well settled that when federal jurisdiction depends upon the amount in controversy, "it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur."[6]

*Button v. Mut. Life Ins. Co. of New York*, 48 F. Supp. 168, 171 (D.C. Ky. 1943) (citations omitted). Other courts and commentators have found: "[i]t is well established that, for an action based on a denied disability insurance claim, only the withheld benefits that have accrued up to the date of the commencement of the suit can be relied upon to satisfy the amount in controversy requirement." *Conzo v. SMA Life Assur. Co.*, No. 01 Civ. 11243(DLC), 2003 WL 21018823, *2 (S.D. N.Y. May 6, 2003); *see also Berlly v. U.S. Life Ins. Co.*, No. 00 Civ.1999(HB), 2001 WL 40771, *2 (S.D. N.Y. Jan. 16, 2001); *Gucciardo v. Reliance Ins. Co.*, 84 F. Supp. 2d 399, 403 (E.D. N.Y. 2000); 14B WRIGHT, MILLER & COOPER § 3710 (the prevailing view is that only the amount of the installments unpaid at commencement of the suit may be taken into account to determine the amount in controversy) (citing cases); 9-54 CORBIN ON CONTRACTS § 969.

---

[6] The Court perceives no material difference between an insured claiming disability payments and an insured claiming long-term care benefits. Each insured individual is in the position of an annuitant, having no right to benefit payments until each individual installment payment matures. *See New York Life Ins. Co. v. Viglas*, 297 U.S. 672, 680 (1936).

Plaintiff's First Amended Complaint (and the attached policy documents) sought to recover daily long-term care benefits he felt Defendant wrongly denied him.  (*See* Pl.'s First Am. Compl. at ¶¶ 16, 23 & 24).  In other words, Plaintiff sought the accrued benefit payments of $120 per day from August 25, 2003, to present.[7]  However, for purposes of the amount in controversy under section 1332(a), only daily benefits withheld from August 25, 2003 through April 12, 2005 can be considered.  That period is 597 days, and when multiplied by $120 yields only $71,640.  As is obvious, this amount is below the $75,000 jurisdictional threshold.  28 U.S.C. § 1332(a).  Thus, Defendant has failed to satisfy its burden of demonstrating that this Court has subject matter jurisdiction, and consequently, this case was improvidently removed.

IV.   **CONCLUSION**

Therefore, the Court will grant Plaintiff's Motion to Remand.  An Order consistent with Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI: | /s/ Richard Alan Enslen |
|  | RICHARD ALAN ENSLEN |
| May 9, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |

---

[7] Plaintiff's First Amended Complaint states that he made a claim for long-term care benefits under the policy on August 25, 2003.  (*See* Pl.'s Compl. ¶ 16).  Plaintiff's Motion to Remand lists the claim date as January 4, 2004 and January 9, 2004.  (*See* Pl.'s Mot. to Remand ¶¶ 1-2, 3, 6 & 7). The Court see the August 25, 2003 date listed in Plaintiff's First Amended Complaint as controlling since this is the pleading Defendant had in its possession when liability was alleged to have begun accruing.